# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE L. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-16-WDS |
| DR. MARY LOFTIN, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center (PCC), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for the alleged failure of the Defendants to provide adequate medical treatment for Plaintiff's serious medical need (HIV positive and hepatitis C infection). Also before the Court is Plaintiff's motions: to file a Supplemental Complaint (Doc. 7); to appoint counsel (Doc. 8); to issue summons (Doc. 9); and to proceed *in forma pauperis* (Doc. 10).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

With respect to Plaintiff's motion to file a "supplemental complaint" (Doc. 7), Rule 15(d) of the Federal Rules of Civil Procedure provides that a district court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In the case at hand, Plaintiff's original complaint was filed on January 8, 2008. Plaintiff's proposed "supplemental complaint" concerns alleged retaliatory actions occurring on September 19, 2007 - over 3 months *prior* to the date the original complaint was filed.[1] The "supplemental complaint" also seeks to add defendants not named in the original complaint. The Court further notes that the "supplemental complaint" does not re-allege the allegations set forth in the original complaint. As such, both the Court and the Defendants would have to refer to two documents to determine who is being sued and why.

Local Rule 15.1 provides that:

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

---

[1] Because the "supplemental complaint" refers to actions occurring before the date the original complaint was filed, the instant pleading appears to be in the nature of an "amended complaint" under Federal Rule of Civil Procedure 15(a) rather than a "supplemental complaint" under Rule 15(d).

2

If construed as a "supplemental complaint," then the instant pleading does not conform to Local Rule 15.1 because it does contain all of the allegations which Plaintiff wishes to pursue (because it does not reassert the allegations contained in the original complaint). If construed as an "amended complaint," then the instant pleading does not conform with any part of the Local Rule. Consequently, Plaintiff's motion to file a "supplemental complaint" is **DENIED**.[2]

Plaintiff's motion for appointment of counsel (Doc. 8) is also **DENIED**. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff asserts that he "has made repeated efforts to obtain a lawyer," but the nature of Plaintiff's efforts are unclear.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex. Briefly, Plaintiff contends that he has been denied adequate medical treatment for his HIV and hepatitis infections for approximately twenty months. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case and based on Plaintiff's representation of himself in *Johnson v. Walker*, No. 3:07-cv-3250 (C.D. IL.) - Plaintiff

---

[2]This denial applies to the documents and pleadings Plaintiff submitted with the original motion to file a supplemental complaint on or about May 2, 2008, and to the documents and pleadings Plaintiff submitted on or about May 19, 2008.

appears to be competent to litigate his case.[3] Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED**, without prejudice.

Plaintiff has already been granted leave to proceed *in forma pauperis*. *See* (Doc. 6). Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 10) is **DENIED** as moot. Plaintiff's motion for issuance of summons (Doc. 9) is **DENIED**.

### DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **LOFTIN, LARSON, FEINERMAN, GIACOMO, and BARTLEY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **LOFTIN, LARSON, FEINERMAN, GIACOMO, and BARTLEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of

---

[3] In *Johnson v. Walker*, No. 3:07-CV-3250-HAB-BGC (C.D. Il.), Plaintiff asserts claims similar to those being raised here, but with claims arising from the time that Plaintiff was detained in the Western Illinois Correctional Center.

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant**s LOFTIN, LARSON, FEINERMAN, GIACOMO, and BARTLEY** are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

5

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: May 30, 2008.**

                                        **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**